Cause No. 01-13-00942-CR

The Court of criminal appeals

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

Eric Deshayn Tennell, Appellant

Vs.

The State of Texas, Appellee


On appeal from the 179th Criminal District Court
of Harris County, Texas, Cause No. 1338512
Honorable Kristin Guiney, Judge Presiding


Come now pro se litigant Eric Deshayn
Tennell without aid of Counsel presenting factual
evidence to the Court. Pertaining to cause no.
01-13-00942-CR in accordance with Texas Rules
of appellate Procedure.


Petition For Discretionary Review
P.D.R.

Identity of Parties and Counsel

Pursuant to Tex. R. App. P. 38.1(a), the following are Parties or Counsel to the Judgment

Appealed from:

Presiding Judge:    The Honorable Kristin Guiney
179th Criminal District Court
1201 Franklin
Houston, Texas 77002

Appellant:    Eric Deshayn Tennell
T.D.C.J #1889930
4250 Hwy 202, Garza Unit
Beeville, Texas 78102

Attorneys for State: Ms. Rachel Palmer (at trial)
Harris County District Attorney's office
1201 Franklin
Houston, Texas 77002

Mr. Alan Curry (on appeal)
Harris County District Attorney's office
1201 Franklin
Houston, Texas 77002

Attorney For Appellant:     Mr. Randy Martin (at trial)

                            Ms. Miranda Meador (at trial)

                            Harris County Public Defender's office

                            1200 Franklin

                            Houston, Texas 77002


                            Ms. Deborah Summers (on appeal)

                            11210 Steeplecrest, Suite 120

                            Houston, Texas 77065

# Table of Contents                    Pages

Identity of judge, Parties and counsel. Pg #1, 2

Table of Contents                    Pg # 3

Index of authorities                 Pg #4, 5

Statement regarding oral argument    Pg # 6

Statement of the Case               Pg # 7

Statement of procedural history     Pg # 8

Grounds for review                  Pg #9,10,11,12

Argument                            Pg # 13,14

Prayer for relief                   Pg # 15

Appendix                            Pg # 16

# Index of Authorities

Pages

Cases:

Alford v. state  22 SW 3d 669                    pg. 10
        (Tex App. FT. Worth 2000)

Almanza v. state 686 SW 2d 157, 171       pg. 11

Bailey v. state 532 SW 2d 316 321          pg. 9
        (Tex crim app 1975)

Brown v. Ilinoise 422 U.S. 590               pg. 12

Carbajal v. state No 13-08-00436-CR 2010      pg. 10
        (Tex. app Lexis 1763)

Dowhilt v. state 931 S.W. 2d 244, 255        pg 9, 10
        (Tex crim app 1996)

Mc Carthy v. state 65 S.W. 3d at 57          pg. 9, 11, 13
        (Tex crim app. 2001)

Miranda v Arizona, 384 U.S. 436 442-457 (1966) pg. 9, 10,

Ochoa v. state (CR. app 1978) 573 SW 2d 796   p. 10

Pages

Orozco v. State of Texas U.S. Tx 1996 89 S.C.T 1095, 394  pg 10

Perez v. State 681 sw 2d. us 436 444 (1996)        pg. 11

Randall v. Estelle 492 F. 2d 118 (5th Cir 1974       pg 12

State v. Saenz 411 s.w. 3d 488 494         pg 9
                        (Tex Crim. app. 2013)

Sossamon v. State (CR app 1991) 816 sw 2d 340   pg 11

U.S. v. Alverez 987 F. 2d 77, 85 (1st Cir 1993)      pg 11

U.S. v. Euceda, Hernandez, 768 F. 1307, 1312      pg 11
                        (11th Cir 1985)

U.S. V Hernandz 574 F. 2d 1362            pg 10
                        (5th Cir 1978)

U.S. v. Satter white 486 at 258-59, 108 S. Ct 1792   pg 11

Wall v. State 184 sw 3d 730 746 (Tex. Crim. app. 2006)    pg 13

West Brook v. State - 29 sw 3d at 103, 119 (Tex Crim app 2001) pg 11

Williams v. State (app. 2nd Dist. 1982) 644 s.w. 2d 891      pg 10

## Statement Regarding Oral Argument

The appeallant in this Cause argues that a oral argument would be helpful because the appeallant appeal Attorney could better Express the fact of how the appeallant who was also the defendant in this Cause was denied his Constitutional rights to a fair trial. The appeallant finial argument is that he believes without the incriminating statements made by H.P.D officers and the Homocide detective the trial Court would have rendered a diffrent verdict.

## Statement Of The Case

The appellant was charged by indictment with offense of murder a first degree felony (C.R at 21). Tex. Penal Code Ann. § 19.02 (vernon supp. 2013).

A jury was impanaled on october 11, 2013 (RR 2 at 117). The appellant was convicted by the jury on october 15, 2013 (RR 4 at 31).

The appellant elected to have the jury assess punishment in the event of a guilty verdict (CR at 62). The appellant faced a range of punishment of 5-99 Life in the Texas Department of Justice Institutional Division (TDCJ) and a possible fine up to 10.000. Tex. Penal Code Ann § 12.32 (vernon supp. 2013)

The appellant's Prior Criminal history was introduced by the State and the appellant put on character witnesses (RR4 at 39-59). After hearing the arguments of counsel the jury sentenced the appellant to 15 year's in TDCJ (RR 4 at 76). Appellant filed a timely written notice of appeal on oct 15, 2013 (CR at 99).



Pg # 7

## Statement of Procedural history

| 1-29-2015 | Memorandum Opinion Issued | Affirm Judgment |
| 1-29-2015 | Judgement Issued | |
| 1-29-2015 | Submitted | |
| 1-7-2015 | Set for Submission on Briefs | |

A date for Rehearing was not Filed

Ground One: Violation of U.S. Const. Amend V;
Tex Const. Art I, s 10 Tex Crim. Proc. Code Ann
§§ 38.22

## Ground for review

Trial Court Erred when it Held that the Appellants inculpatory Statements made to H.P.D Officers wasnt a Product of Custodial Interrogation (R.R.3 at 145-146, 215) (R.R 3 at 143-145, 214-215). Maranda V. Arizona, 384 us. 436, 442 - 457 (1966); U.S. Const. Amend. V; Tex Const. Art I, §§ 10: Tex Crim Proc. Code Ann § 38.22 (vernon Supp. 2013) Questioning initiated by law enforcement officers that is directed twards eliciting An incriminating response (R.R 3 At 125-131) Bailey V. State 532 SW 2d 316 321 (Tex Crim APP 1975) The second inculpatory state-ment was made to Sgt. Blair (R.R 3 at 136, 200. This statement was made when the Appellant was in the back of the Patrol car and had been for almost two Hours (R.R.3 at 124, 135, 137) Custodial Interrogation - when a suspect is Physiccly deprived of his freedom of Action in Any significant way, he is in Custody for purposes of 38.22 and the Tex and unitedstates Constitutions. Dowhitt V. State 931 Sw 2d 244, 255 (Tex Crim. APP 1996); US Const amend V; Tex Const. Art I, § Tex Crim. Proc. Code Ann § 38.22 (Vernon Supp. 2013)

Wether a person is in Custody requires the trial Court to make a legal determination as to whether those Facts amount to Custody under the law. (State V. Saenz 411 Sw 3d 488, 494. The trial Court Found that the appellant was not under arrest and was free to leave (R.R 3 at 153). However, this Finding direcly Contradicts the statement of the officers that the

Patrol car doors could not be open from the inside were he sat for approximatley 2 Hours. (R.R.3 at 124, 135, 137) orozco v. state of Texas us Tx 1969 89 S.C T 1095, 394 Citing; Miranda V, Arizona 348 U.S 436 444 (1966) Citing; Williams V. state (app 2 Dist. (1982) 644 S.W. 2d 891. Custodial Interragation is defined, when a suspect is deprived of his Freedom of action in any significant way he is in Custody for the purposes of 38.22 and the Texas and U.S Constitutions Citing; Dowhitt v state 931 sw 2d 244, 255 Alford v. state 22 S.W. 3d 669 (Tex APP Ft Worth 2000) Ochoa V. State (C.R app 1978) 573 s.w 2d 796, u.s. v. Hernandz 574 F. 2d 1362 (5th Cir 1978) The appellant was injured and required medical care. Custody is Evaluated on an 'ad Hoc' basis and the Courts apply a 'reasonable Person' Standard. Carbajal V. State No. 13-08-00436-CR, 2010 Tex. APP. Lexis 1763 (Corpus Christi Mar. 11, 2010, No Pet.) (Not designated for publication Citing; Dowhitt v. state 1931 S.W. 2d 244, 255 (Texas Crim. app. 1996) A reasonable Person whould have Sought treatment unless he was physically restrained as was the appellant (R.R.3 at 140, 150; State's Exhibit 50) Citing Dowhitt v. state 931 sw 2d 244, 255.

The state's admission of law Enforcement statements was in error in the light of the facts Presented by the defense. A, statement implication the appellant is often the most damaging and probative evidence that Can be used aginst him.

him (R.R. 3 at 143-145) Citing; MC Carthy V. state 65 SW 3d at 57 (Tex Crim app 2001) Paez V. state 681 SW 2d US 436,444 (1996) West Brook v. state 29 Sw 3d at 103, 119 (Tex crim app 2001) Sossamon v. state (CR app 1991) 816 S.W. 2d 340) US v. Salter white 486 at 258-59 108 S.Ct 1792 Wall v. state 184 S.W. 3d 730,746 (Tex. Crim. app, 2006) Almanza v. state 686 S.W. 2d 157, 171. The jury was clearly impacted! Resulting in the third statement to be re-read back to them (R.R. 4 at 31. CR at 84) There is represented the more than reasonable liklihood that the thrid statement significantly Contributed to the appellants conviction. Which can not be Construed as a harmless error by the standard that applies to reach that assessment.

'In order to find a constitutional error Harmless, A Court must determine beyond A reasonable doubt that the error did not contribute to the verdict Because of the improper admission of evidence in appellant trial and the resulting outcome there of such error should not be Construed as harmless. Due to the Substantial injurious effect on the verdict, Citing; Westbrook v. state 29 S.W. 3d 103,119 (Tex crim app. 2000).

The state faild to disclosed the substance of the defendant/appellants Statement and has not reduced a written summary or recording of the testimony of appellant. Fed. R Crim P. 16 (A) (C) US. V alverez 987 F. 2d 77, 85 (1st cir 1993) US. V. Euceda, Hernandez

768 F. 1307, 1312 (11th Cir 1985) The "substance" of any relevant oral statement made by the defendant before or after arrest in responce to interrogation must be disclosed and made aualiable if such statement is to be used at trial. Citing; Randall v. Estelle 492 F. 2d 118 (5th Cir 1974), Brown v. Illinois 422 U.S. 590

# Argument

Appeallent argues that the trial Court erred when it held the appeallent inculpatory statements made to HPD officers and homocide detective wasnt a Product of Custodial Interrogation, Citing; Miranda v. Arizona, 384 U.S. 436, 442-457 (1966); U.S. Const. amend. v; Tex Const. Art 1 § § 10; Tex Crim Proc. Code ann. § 38.22 (vernon supp. 2013). The trial Court also erred by allowing the unconstitutional statements that were supposedly made by the appeallant into Evidene by saying that the statement was freely and volounteered However, this Finding directly Contradicts the statement of the officers of the officers that the patrol Car was closed and could not be opened from the inside were the appeallat sat for almost 2 Hours before homicide detectives showed up. The appeallant also argues that a statement implicating the appeallant is often the most damaging and probative evidence that can be used against him leaving an impact on the jury as it did in this trial. Citing; Wall v. State, 184 s.w. 3d 730, 746 (Tex Crim. App. 2006) Mc Carthy v. State, 65 s.w. 3d at 56. The jury was "Clearly impacted" resulting in the request for the third statement to be re-read back to them (RR4 31, Cr at 84) during the jury deliberations there is represented the more than reasonable likelihood that the third statement that was in violation of u.s Const. Amend X. Significantly Contributed to the appeallant

conviction which cannot be construed as a Harmless error by the standard that applies to reach that assessment.

In order to find a constitutional error harmless a court must determine beyond a reasonable doubt that the error did not contribute to the verdict. Because of the improper admission of evidence in the appellants trial and the resulting outcome there of; Such an error should not be construed as harmless. Due to the substential injurious effect on the verdict.

## Conclusion and Prayer for Relief

For the forgoing reasons the Pro Se appellant in this Cause prays that this Honorable Court of appeals review this appellate P.D.R, without bias pre judice of disdain for it's legitimacy. As this appellant Eric Deshayn Tennell seeks redress in the form of reversal based on the egregious Constitutional rights violtions suffered at trial, under the guise of Civil Providence.

Eric Deshayn Tennell
4250 Hwy 202 Garza West
Beeville, Tx 78102
Pro Se Litigant

<u>Appendix</u>

The Court of Appeals to the First District of Texas issued its opinion January 29, 2015 in the cause No. 01-13-00942-CR affirming the judgment of the trial Court.

:nnell SPU # 1889930
West          D+40
Hwy 202
. TN. 78102



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7013 3020 0000 9188 4136

U.S. POSTAGE
PAID
HOUSTON, TX
7705
JUL 06, '15
AMOUNT

$12.20
0006723-09

UNITED STATES
POSTAL SERVICE

1006

78711

Court of Criminal Appeals
of Texas

P.O. Box 12308
Capitol Station
Austin, TX., 78711






Label 107R, January 2008

visit us at usps.com

UITED STATES POSTAL SERVICE

PRIORITY
MAIL